A. B. M. Development Corporation, a Corporation, Plaintiff-Appellee, v. The City of Chicago, a Municipal Corporation, Defendant, and Morgan Park Improvement Association, a Not for Profit Corporation, Intervening Defendant-Appellant.

Gen. No. 49,039.

First District, Third Division.

February 28, 1963.

Vogel & Vogel, of Chicago (Albert F. Manion, of counsel), for Morgan Park Improvement Association, intervening defendant-appellant.

Peter B. Atwood, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, the A. B. M. Development Corp., filed a complaint for declaratory judgment as to the validity of a zoning ordinance of the City of Chicago which precluded it from erecting two high-rise buildings in that part of Chicago known as Morgan Park. The Morgan Park Improvement Association unsuccessfully sought leave to intervene as an additional party-defendant. This appeal is by the association from the order denying its motion to intervene. The trial court made an express finding that there was no just reason for delaying the appeal.

After the appeal was filed, the plaintiff moved to dismiss on the ground that the appeal was frivolous,

was interposed only for the purpose of delay and that no cost bond had been filed. A bond was subsequently submitted and approved and the motion was denied. A second motion was then filed by the plaintiff. This was to expedite the disposition of the appeal and it stated that delay in disposing of the case would place a large financial burden upon the plaintiff and might force postponement of construction beyond the 1963 building season. Before this motion was acted upon, the plaintiff filed a third motion. This motion—the one now under consideration—is for the dismissal of the appeal because the cause before this court has become moot.

In its motion the plaintiff states that the case has been set for trial in the immediate future but that the trial court indicated that the cause would not be tried until this appeal is concluded. To avoid further continuances, the statement continues, the plaintiff: ". . . does hereby withdraw its objection to the intervention of Morgan Park Improvement Association, defendant-appellant herein. By reason of this withdrawal of such objection, this cause before this Court is now moot and should be dismissed."

 Informing this court that it withdraws its objection to the intervention does not render the case moot and does not change the status of the case insofar as the appeal is concerned. The trial court refused leave to intervene and the question in this court remains whether intervention was properly denied. If the plaintiff informs the trial court that it is withdrawing its objections there is no certainty that the trial court would permit intervention and vacate its order. Even if it were inclined to do so, it might refuse, and correctly so, to reconsider the order inasmuch as the pending appeal removed the intervention question from its jurisdiction.

370

The appellant filed suggestions in response to the plaintiff's motion for dismissal on the ground of mootness. One of these suggestions is that it would have no objection if this court entered an order remanding this cause with directions to permit it to intervene. This is not surprising; if it were done it would be equivalent to this court's sustaining the appellant's position and reversing the trial court.

There is an alternative suggestion made by the appellant, however, which we believe offers a solution to the present problem:

"Because of the significance attached by the Trial Court to the Objections formerly posed by Plaintiff-Appellee to the intervention of the Intervening Defendant-Appellant, Intervening Defendant-Appellant has no objection if this Court sees fit to remand this cause to the Circuit Court of Cook County for further consideration of the Motion of the Intervening Defendant-Appellant to vacate and set aside the Order entered July 12, 1962, denying the Petition of the MORGAN PARK IMPROVEMENT ASSOCIATION to intervene as an additional party defendant in view of the representation made by Plaintiff-Appellee to this Court that its objections to such intervention have now been withdrawn."

We will adopt this suggestion as a basis for disposing of this appeal. In order that the trial court shall have jurisdiction to reconsider its order denying leave to intervene, we will dismiss this appeal. In order that reconsideration shall be given to the appellant's motion to intervene, we shall remand this cause with directions that this be done. We do this because of the plaintiff's unqualified statement to this

371

court that it will withdraw its objection and the appellant's equally unqualified statement that it has no objection to remandment.

Appeal dismissed; cause remanded with directions. Mandate to issue at once.

SCHWARTZ and McCORMICK, JJ., concur.